# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **CREWS TRADING CO., INC,** | * | **CIVIL ACTION NO. 05-0040** |
| **VERSUS** | * | **JUDGE JAMES** |
| **TERRAL FARM SERVICE, INC., MONTICELLO GIN & ELEVATOR CO., INC., CROWVILLE GRAIN & ELEVATOR CO., INC. AND BUNGE NORTH AMERICA, INC.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are Motions to Dismiss filed by defendants, Bunge North America, Inc. ("Bunge") (Document No. 18), Monticello Gin & Elevator Co., Inc. and Crowville Grain & Elevator Co., Inc., ("Monticello and Crowville") (Document No. 20), Farmer's Grain Terminal, Inc. ("Farmer's") (Document No. 24), Terral Farm Service, Inc.("Terral") (Document 26). For reasons stated below, it is recommended that the motions be **DENIED**.

Crews Trading ("Plaintiff") filed a complaint on January 10, 2005, alleging antitrust violations against Bunge, Monticello, Crowville, Farmer's and Terral (hereinafter collectively known as "defendants"). In Count One of the complaint, plaintiff asserted an antitrust claim against all defendants for violations of section one of the Sherman Act, 15 U.S.C. § 1, based on an alleged conspiracy to drive plaintiff out of business. In Count Two, plaintiff asserted an antitrust claim against defendants for violation of the Robinson-Patman Act, 15 U.S.C. § 13, based on defendants' alleged refusal to sell to Plaintiff at the same prices defendants sell to others. In

1

Count Three, plaintiff asserted a claim against all defendants for violation of section 2 of the Sherman Act, 15 U.S.C. § 2, for attempted monopolization, based upon defendant's alleged refusal to deal with plaintiff. In Count Four, plaintiff asserted a claim against all defendants for violations of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, et seq., based on defendants' alleged individual and concerted efforts to drive plaintiff out of business.

In response, defendant Bunge filed a motion to dismiss plaintiff's complaint arguing that plaintiff lacked standing to bring the antitrust claim and that plaintiff's pleadings were inadequate and failed to state a claim for which could be granted relief on any of the grounds alleged. Defendants Monticello, Crowville, Farmer's, and Terral filed motions adopting the arguments set forth by Bunge in its motion to dismiss.

In assessing the merits of a motion to dismiss under F.R.C.P. 12(b)(6), the court must assume that all factual allegations set forth in the complaint are true, and must construe these facts in the light most favorable to the plaintiff. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276 (1991). "Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981), *cert. granted, Weyerhaeuser Co. v. Lyman Lamb Co.*, 456 U.S. 971, 102 S.Ct. 2232 (1982), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100 (1983). "While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist." *Richards v. City of Weatherford*, 145 F.Supp.2d 786, 789 (N.D. Tex.) *aff'd*, 275 F.3d 46 (5th Cir. 2001), citing *Walker v. South Cent. Bell Tel. Co.*, 904

F.2d 275, 277 (5th Cir. 1990). If a complaint lacks an allegation regarding an essential element to obtain relief, dismissal should be granted. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Moreover, "conclusory allegations and unwarranted deductions of fact are not admitted as true" for purposes of a motion to dismiss and will not suffice to prevent a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F2d. 278, 281 (5th Cir. 1992), quoting *Associated Builders' Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997).

"[A] heightened pleading standard may not be applied to anti-trust claims." *Apani Southwest, Inc. v. Coca Cola Enterprises, Inc.*, 300 F.3d 620, 633 (5th Cir. 2002). That does not, however, relieve a claimant from its obligations to "allege facts sufficient to support an anti-trust violation." *Id*. That requirement stems from F.R.C.P. 8(a)'s rule that a claim or counterclaim contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Dismissal pursuant to Rule 12(b)(6) for failure to satisfy Rule 8 is appropriate only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 78 S.Ct. 99, 101-02 (1957). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 122 S.Ct. 992, 998 (2002); *see Conley*, at 47-8.

**Standing**

Defendants assert that plaintiff has failed to allege antitrust injury, an essential element for antitrust standing. The Fifth Circuit, in *Transource Intern., Inc. v. Trinity Industries, Inc.*, 725

F.2d 274, *280 (5th Cir.1984), addressed the standing issue as follows:

> "The question of standing is a preliminary one, to be answered from examination of the allegations of the complaint." *In Re Beef Industry Antitrust Litigation,* 600 F.2d 1148, 1168 (5th Cir.1979), *cert. denied,* 449 U.S. 905, 101 S.Ct. 280, 66 L.Ed.2d 137 (1980). To attain standing in claiming an antitrust rule of reason violation, the plaintiff must allege three factors in its complaint. First, the plaintiff must allege that it is one against whom the competitive restraints are targeted. Second, the plaintiff must allege a concrete injury. Finally, the plaintiff must demonstrate in the complaint that there is a connection between the alleged injury and the violation.
>
> *Id.* at 280.

The United States Supreme Court has noted that, in order to recover as a private plaintiff under §1 or §2 of the Sherman Act, or under the Robinson-Patman Act, the plaintiff must also prove that it has suffered an antitrust injury so as to have antitrust standing to pursue a claim for damages under §4 of the Clayton Act, 15 U.S.C. §15. *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,* 429 U.S. 477, 489, 97 S.Ct. 690, 697 (1977); *J. Truett Payne Co., Inc. v. Chrysler Motors Corp.,* 451 U.S. 557, 562, 101 S.Ct. 1923, 1927 (1981).

Defendants argue that plaintiff has failed to allege facts which would state that: (1) that plaintiff has been injured or how plaintiff was injured, or (2) that plaintiff has suffered an injury of the type that the antitrust laws were designed to prevent. The undersigned disagrees. The facts alleged by plaintiff, if proved, are sufficient to give rise to an injury caused by actions the antitrust laws were designed to prevent. Specifically, the plaintiff alleges that it is engaged in the business of trading grain and that the defendants are its competitors. It further alleges that the defendants have conspired to drive the plaintiff out of business by actions including restraint of trade, price discrimination, and attempted monopolization, and that it is in danger of going out of business as a direct result of the defendants' actions.

**Count One: Sherman Act**

Count One of Plaintiff's complaint asserts that the actions of defendants constituted unreasonable restraints on trade in violation of section 1 of the Sherman Act (15 U.S.C. § 1). A claim under § 1 of the Sherman Act requires proof of three elements: that the defendant (1) engaged in a conspiracy (2) that restrained trade (3) in a particular market. *Spectators' Communication v. Colonial Country Club*, 253 F.3d 215, 220 (5th Cir. 2001).

In their motions, defendants claim that plaintiff has failed to meet the pleading requirements as required under Rule 8. Defendants claim that plaintiff has failed to allege in its complaint facts that state: (1) that plaintiff has been injured or how plaintiff has been injured, or (2) that plaintiff has suffered an antitrust injury, i.e., an injury of the type the antitrust laws were enacted to prevent. However, the allegations under the Count One heading plainly refer to and incorporate the more detailed factual allegations set forth in the jurisdiction and venue section of the complaint. Those facts set forth a short and plain statement that the defendants engaged in a conspiracy involving a refusal to sell to the plaintiff or to sell only at a substantially higher price than the defendants charged others, that the conspiracy was in restraint of trade, and that the conspiracy involved a particular market; it is not necessary that the complaint go further. The details surrounding the facts pleaded may be addressed through discovery and more substantive means of contesting the merits.

**Count Two: Price Discrimination**

Count Two of Plaintiff's complaint asserts a claim for price discrimination under § 2(a) of the Robinson-Patman Act, 15 U.S.C. §13(a), by alleging that "Defendants' refusal to sell to plaintiff at the same price as defendants offer others is intended to damage plaintiff and

competition." Section 2(a) of the Robinson-Patman Act provides, in part, that it is unlawful for a seller "either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality..." 15 U.S.C. §13(a). For purposes of the Robinson-Patman Act, "price discrimination means nothing more than a difference in price charged to different purchasers or customers of the discriminating seller for products of like grade and quality." *Best Brands Beverage, Inc. v. Falstaff Brewing Corp.*, 842 F.2d 578, 584 (2nd Cir. 1987); *F.T.C. v. Anheuser-Busch, Inc.*, 363 U.S. 536, 549, 80 S. Ct. 1267, 1274 (1960).

In their motions, defendants claim that plaintiff has failed to meet the pleading requirements as required under Rule 8. However, the allegations under the Count Two heading plainly refer to and incorporate the more detailed factual allegations set forth in the jurisdiction and venue section of the complaint. Those facts set forth a short and plain statement that the defendants engaged in price discrimination against the plaintiff by selling to it only at a higher price than they charged others similarly situated; it is not necessary that the complaint go further.

**Count Three: Attempted Monopolization**

Count Three of Plaintiff's complaint asserts a claim for attempted monopolization under § 2 of the Robinson-Patman Act, 15 U.S.C. §13(a), by alleging that "the defendants' refusal to deal with plaintiff is intended to create monopolies in the geographic area of each defendant." Plaintiff also claims that, "Brad Terral is the director and vice president of Terral Farm Service, Inc. On discussions between these parties, Terral took a map and drew a circle and informed plaintiff it could not purchase grain from farmers within that area." Finally, plaintiffs state that, "[i]t is defendants' objective to drive plaintiff out of business, and there is a dangerous possibility that they will succeed."

6

The offense of attempted monopolization in violation of §2 of the Sherman Act has three elements: (1) that the defendant has engaged in predatory or exclusionary (i.e. anticompetitive) conduct; (2) that the defendant possessed the specific intent to monopolize the relevant market; and (3) that there exists a dangerous probability of the defendant's achieving monopoly power. *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456, 113 S.Ct. 884, 890-91 (1993); *Bell Atlantic Corp. v. AT & T Corp.*, 339 F.3d 294, 302 (5th Cir. 2003).

Defendants claim that plaintiff has failed to plead sufficient facts to survive a Rule 12(b)(6) motion. However, reading the complaint as a whole, the allegations under the Count Three heading together with the factual allegations set forth in the jurisdiction and venue section of the complaint are sufficient to set forth a claim that the defendants engaged in attempted monopolization.

**Count Four: State Law Claims**

Count Four of plaintiff's complaint asserts a state law claim for unfair trade practices under the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401, et seq., by alleging that "[d]efendants' individual and concerned [sic] efforts to drive plaintiff out of business constitutes an unfair trade practice..."

The Louisiana Unfair Trade Practices Act declares that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are illegal. La. R.S. 51:1405.

> To recover under the LUTPA, a plaintiff must "prove some element of fraud, misrepresentation, deception or other unethical conduct. *Omnitech Intern., Inc. v. Clorox Co.*, 11 F.3d 1316, 1332 (5th Cir. 1994). "A trade practice is unfair under the statute only when it offends established public policy and is immoral, unethical,

> oppressive or unscrupulous. *Computer Mgmt. Assistance Co. v.
> Robert F. DeCastro, Inc.*, 220 F.3d 396, 404 (5th Cir. 2000). What
> constitutes an unfair trade practice is determined by the courts on
> a case-by-case basis. *Omnitech Intern, Inc.*, 11 F3d at 1332.

*Tubos de Acero de Mexico, SA v. American Int'l Inv. Corp., Inc.*, 292 F.3d 471, 480 (5th Cir. 2002). The LUTPA grants a cause of action for damages to "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as the result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful..." La. R.S. 51:1409.

In their motions, defendants claim that plaintiff has failed to meet the pleading requirements as required under Rule 8 of the Federal Rules and under the LUTPA. However, the allegations under the Count Four heading, together with the more detailed factual allegations set forth in the jurisdiction and venue section of the complaint, are adequate to outline the elements of the asserted claims and provide defendants with fair notice of the nature of the complaint.

**Conclusion**

While the undersigned takes no position on the ultimate strength of the parties' positions, the allegations of the complaint are sufficient to state a claim for relief and to survive a motion to dismiss under F.R.C.P. Rule 12(b)(6). The challenged allegations are adequate to outline the elements of the claims asserted by the plaintiff and to provide the defendants with fair notice of those claims. It is therefore recommended that defendants' Motions to Dismiss be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten**

**(10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 10th day of August, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE