RECEIVED

OCT 1 8 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CREWS TRADING CO., INC. | CIVIL ACTION NO. 05-0040 |
| VERSUS | JUDGE ROBERT G. JAMES |
| TERRAL FARM SERVICE, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

# RULING

On January 10, 2005, Plaintiff Crews Trading Co., Inc. brought this action asserting claims under the Sherman Act, 15 U.S.C. §§ 1 and 2; the Robinson-Patman Act, 15 U.S.C. § 13; and Louisiana's Unfair Trade Practices Act, La. Rev. Stat. 51:1401, *et seq.*, against Defendants, all of which operate grain elevators.

On March 18, 2005, Defendant Bunge North America, Inc. ("Bunge") filed a Motion to Dismiss Plaintiff's Claims ("Motion to Dismiss") [Doc. No. 18], arguing that Plaintiff lacked standing to bring an antitrust claim, its pleadings were inadequate, and the pleadings failed to state a claim upon which relief can be granted. The Motion to Dismiss was adopted by Defendants Monticello Gin & Elevator, Co., Inc. and Crowville Grain & Elevator Co., Inc. [Doc. No. 20]. Defendant Terral Farm Service, Inc. ("Terral") filed a "FRCP 12(b)(6) and/or FRCP 56 Motion to Dismiss for Failure to State a Claim on Motion for Summary Judgment" [Doc. No. 26], adopting Bunge's arguments. However, unlike the other Defendants, Terral alternatively moved the Court for summary judgment, arguing that Plaintiff's claims against it were time-barred by the four-year statute of limitations applicable to the Sherman and Robinson-Patman Act claims and the one-year peremptive period under the Louisiana Unfair Trade Practices Act.

Plaintiff filed a memorandum in opposition [Doc. No. 28] to the motions to dismiss, but failed to address Terral's statute of limitations and peremption argument ("motion for summary judgment").

On August 10, 2005, the Magistrate Judge issued a Report and Recommendation [Doc. No. 42], recommending that the motions to dismiss be denied. Defendants have filed objections to the Report and Recommendation. In its objection, Terral points out that the Magistrate Judge's Report and Recommendation addressed the arguments in Defendants' motions to dismiss, but failed to address Terral's motion for summary judgment.

Having considered the entire record in this matter, including all objections, the Court agrees with and ADOPTS the Magistrate Judge's Report and Recommendation recommending that the motions to dismiss filed by all Defendants be DENIED on the basis of standing, sufficiency of the pleadings and failure to state a claim. However, for the reasons set forth below, the Court finds that Terral's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 should be GRANTED on the basis of its statute of limitations and peremption arguments.

I. **Factual Background**

Terral operates a grain elevator facility and is in the grain storage and selling business. Generally, Terral buys and stores grain directly from local farmers and other sellers of grain. In approximately 1998, Plaintiff began brokering corn as a seller's agent for Terral. In the year 2000, Plaintiff also bought corn directly from Terral. The business relationship between Terral and Plaintiff continued until the fall of 2000. Around that time, an alleged dispute arose between the parties about an unrelated hunting lease.

In September 2000, Plaintiff threatened arbitration if Terral did not agree with a delivery issue on a transaction. After this threat of arbitration and because of personality issues, Brad Terral, the vice president of Terral, informed Buddy Crews, Plaintiff's principal, that Terral would no longer do business with Plaintiff. This decision was communicated to Plaintiff in September or October of 2000. Since that time, Terral and Plaintiff have not done any business.

## II. Law and Analysis

### A. Motions for Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record that highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence

supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose it violates a local rule. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). However, when a nonmovant fails to provide a response identifying the disputed issues of fact, the Court may accept the movant's description of the undisputed facts as *prima facie* evidence of its entitlement to judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 173-74 (5th Cir.1999); *NorDar Holdings, Inc. v. W. Sec. (USA) Ltd.*, No. 3:96-CV-0427-H, 1996 WL 39019, *2 (N.D. Tex. Dec. 18, 1996).

### B.   Sherman and Robinson-Patman Acts

As a general rule, federal antitrust actions have a four-year statute of limitations period. *See* 15 U.S.C. § 15(b). In this case, Plaintiff has asserted three types of antitrust claims: (1) an alleged conspiracy in violation of Section 1 of the Sherman Act, (2) an alleged attempted monopoly in violation of Section 2 of the Sherman Act, and (3) alleged price discrimination in violation of the Robinson-Patman Act.

Normally, with regard to each of these actions, the statute of limitations begins to run when a defendant commits an act that injures a plaintiff's business. *See Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 877 F.2d 1045, 1051 (5th Cir. 1982). However, the

Fifth Circuit has explained the exceptions to this general rule as follows:

> There are two grounds for allowing an antitrust suit to be brought more than four years after the events that initially created a cause of action. These grounds are derived from *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L. Ed.2d 77 (1971) and *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*[,] 392 U.S. 481, 88 S.Ct. 2224, 20 L. Ed.2d 1231 (1968). The first ground is the continuing conspiracy or continuing violation exception that permits a cause of action to accrue whenever the defendant commits an overt act in furtherance of an antitrust conspiracy or, in the absence of an antitrust conspiracy, commits an act that by its very nature is a continuing antitrust violation. *See Zenith, supra*, 401 U.S. at 338-40, 91 S.Ct. at 806-07; . . . *Hanover Shoe, supra*, 392 U.S. at 501 n. 15, 88 S.Ct. 2236 n. 15.
>
> . . . .
>
> The second ground involves situations where the defendant's antitrust act is "revived" outside the limitations period, as a basis for damages, because when the act originally occurred, the plaintiff's damages were speculative or unprovable. *See Zenith, supra*, 401 U.S. at 339-40, 91 S.Ct. at 806-07.

677 F.2d at 1051.

In the case of a "price-fixing conspiracy that brings about a series of unlawfully high priced sales over a period of years, 'each overt act that is part of the violation and that injures the plaintiff,' e.g., each sale to the plaintiff, 'starts the statutory period running again, regardless of the plaintiff's knowledge of the alleged illegality at much earlier times.'" *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 189 (1997) (citing 2 P. Areeda & H. Hovenkamp, Antitrust Law ¶ 338b, p. 145 (rev. ed.1995) (footnote omitted)) (other citations omitted). However, "the commission of a separate new overt act generally does not permit the plaintiff to recover for the injury caused by old overt acts outside the limitations period." Id. (citations omitted); *see also Poster Exchange, Inc. v. National Screen Service Corp.*, 517 F.2d 117, 128 (5th Cir.1975) (footnote omitted) (While continuing antitrust conduct "may give rise to continually accruing rights of action[,] . . .

5

a newly accruing claim for damages must be based on some injurious act actually occurring during the limitations period, not merely the abatable but unabated inertial consequences of some pre-limitations action.").

Similarly, allegations of a monopoly may invoke the continuing violation theory. *See TCA Building Co. v. Northwestern Resources Co.*, 861 F.Supp. 1366, 1378 (S.D. Tex. 1994) (concluding concerted refusals to deal in furtherance of unlawful agreement or monopoly were within continuing violations exception).

Thus, Plaintiff's claims suggest that the continuing violation theory may provide an exception to the general four-year statute of limitations applicable to antitrust claims. Unfortunately, Plaintiff provided the Court with no indication when any of the alleged acts of conspiracy, attempted monopolization, or price-fixing occurred. The undisputed facts before the Court are that Terral and Plaintiff have not done business since September 2000 and that Terral told Plaintiff in September or October 2000 that the parties would no longer do business. On the basis of these facts, the Court has no evidence of any overt act of conspiracy, monopolization, or price-fixing by Terral within the statute of limitations.

Accordingly, Terral's motion for summary judgment on Plaintiff's claims under the Sherman and Robinson-Patman Acts is GRANTED, and the claims are DISMISSED WITH PREJUDICE.

### C. Louisiana's Unfair Trade Practices Act

Pursuant to Louisiana Revised Statute 51:1409, a plaintiff must file suit under Louisiana's Unfair Trade Practice Act within one year "from the time the transaction or act which gave rise to this right of action." La. Rev. Stat. 51:1409(D). Courts have held this one-

year period to be peremptive, rather than prescriptive, barring any unfair trade practice claims which did not occur in the year prior to filing suit. *See Glod v. Baker*, 04-1483 (La. App. 3 Cir. 3/23/05); 899 So.2d 642; *Morris v. Sears, Roebuck and Co.*, 99-2772 (La. App. 4 Cir. 5/31/00); 765 So.2d 619; *Warner v. Carimi Law Firm*, 98-613 (La. App. 5 Cir. 12/15/98); 725 So.2d 592; *see also Capitol House Preservation Co., L.L.C. v. Perryman Consultants, Inc.*, 98-2216 (La. App. 1 cir. 11/5/99); 745 So.2d 1194, *writ denied*, 99-3446, 754 So.2d 937 (Lemmon, J.) (Concurring in denial, but "not necessarily agreeing that the period of limitation in La. Rev. Stat. 51:1409(E) is peremptive.");

For the same reasons, Terral's motion for summary judgment on Plaintiff's Unfair Trade Practices claims is also GRANTED, and this claim is DISMISSED WITH PREJUDICE.

### III. Conclusion

For the foregoing reasons, Terral's motion for summary judgment [Doc. No. 26] is GRANTED, and Plaintiff's claims against it are DISMISSED WITH PREJUDICE. The August 10, 2005 Report and Recommendation is otherwise ADOPTED.

MONROE, LOUISIANA this 18 day of October, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE