# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **CREWS TRADING CO., INC.** | **CIVIL ACTION NO. 05-0040** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **TERRAL FARM SERVICE, INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

On January 10, 2005, Plaintiff Crews Trading Co., Inc. ("Crews") brought this action asserting claims under the Sherman Act, 15 U.S.C. §§ 1 and 2; the Robinson-Patman Act, 15 U.S.C. § 13; and Louisiana's Unfair Trade Practices Act, La. Rev. Stat. 51:1401, *et seq.*, against Defendants, all of which operate grain elevators.

On March 18, 2005, Defendant Bunge North America, Inc. ("Bunge") filed a Motion to Dismiss Plaintiff's Claims ("Motion to Dismiss") [Doc. No. 18], arguing that Crews lacked standing to bring an antitrust claim, its pleadings were inadequate, and the pleadings failed to state a claim upon which relief can be granted. The Motion to Dismiss was adopted by Defendants Monticello Gin & Elevator, Co., Inc., Crowville Grain & Elevator Co., Inc., and Farmers Grain Terminal, Inc. ("Farmers Grain") [Docs. No. 20 & 24]. Defendant Terral Farm Service, Inc. ("Terral") filed a "FRCP 12(b)(6) and/or FRCP 56 Motion to Dismiss for Failure to State a Claim on Motion for Summary Judgment" [Doc. No. 26], adopting Bunge's arguments. However, unlike the other Defendants, Terral alternatively moved the Court for summary judgment, arguing that Crews' claims against it were time-barred by the four-year statute of limitations applicable to the Sherman and Robinson-Patman Act claims and the one-year

peremptive period under the Louisiana Unfair Trade Practices Act.

Crews filed a memorandum in opposition [Doc. No. 28] to the motions to dismiss, but failed to address Terral's statute of limitations and peremption argument ("motion for summary judgment").

On August 10, 2005, the Magistrate Judge issued a Report and Recommendation [Doc. No. 42], recommending that the motions to dismiss be denied. Terral objected, pointing out that the Magistrate Judge's Report and Recommendation failed to address Terral's motion for summary judgment.

On October 18, 2005, the Court issued a Ruling and Judgment [Doc. No. 47], granting Terral's unopposed motion for summary judgment.

On October 31, 2005, Crews filed a Motion for New Trial [Doc. No. 49], seeking the Court's reconsideration of the summary judgment granted to Terral on Crews' antitrust claims or, alternatively, a new trial under Rule 59(a) of the Federal Rules of Civil Procedure.[1]

On November 7, 2005, Terral filed an Opposition to Motion for New Trial [Doc. No. 52].

I.      Law and Analysis

        A.      Motions to Alter or Amend Judgment

The Federal Rules of Civil Procedure do not expressly recognize a motion for "reconsideration."  Instead, such motions are typically treated as motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), if filed within ten (10) days of the date of judgment, or a motion from relief from judgment or order pursuant to Federal Rule of

---

[1]The Court also granted summary judgment to Terral on Crews' claim under the Louisiana Unfair Trade Practices Act.  Crews has not moved the Court to reconsider its judgment on that claim.

Civil Procedure 60(b) if filed later than ten (10) days of the date of judgment. *See Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990), overruled on other grounds, *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). A motion for new trial is appropriate when a case has been tried to a jury or to the court, not on a summary judgment ruling. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n. 1 (5th Cir. 1996) ( "The Patins' reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment." ). Therefore, the Court will analyze Crews' claims under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). While a district court has considerable discretion in deciding whether to reopen a case in response to a Rule 59(e) motion, such discretion is not limitless. *Lavespere*, 910 F.2d at 174. The *Lavespere* Court identified "two important judicial imperatives" relating to such a motion: (1) the need to bring litigation to an end; and (2) the need to render just decisions on the basis of all the facts. *Id.* (citations omitted). The district court must "strike the proper balance" between these interests by considering factors, such as

> the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the non-movant before she responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened.

*Id.*

### B.    Analysis

In this case, Crews has offered no reason for its failure to oppose Terral's motion for summary judgment, but urges the Court to review the affidavits it has now provided. Crews

3

contends that its claim against Terral for refusal to deal is "secondary" to its claim that "Brad Terral, who controls Terral Farm Service, not only refused to deal with [Crews] but also encouraged others to refuse to deal with [Crews]." It is this conspiracy in restraint of trade that Crews primarily challenges and argues that it is a continuing violation which has interrupted the four-year statute of limitations applicable to Crews' antitrust claims.

Terral responds that Crews is not entitled to "another bite at the apple" by now providing affidavits that he could have provided in opposition to Terral's motion for summary judgment. Terral argues that, even if the Court considers the affidavits, they will not change the outcome in this matter. Terral points out that the affidavit of John Butler ("Butler") shows only that Crews had no further business dealings with Terral after mid-2000. Terral further contends that the affidavit of Bo Magoun ("Magoun") gives dates of his last dealings with another Defendant, Farmers Grain, not Terral. Finally, Terral contends that Magoun's affidavit also relies upon double hearsay to report an alleged conversation between principals for Farmers Grain and Terral.

The Court concludes that the portion of its October 18, 2005 Judgment granting summary judgment to Terral on Crews' antitrust claims should be set aside. With regard to Terral's contention that federal law does not permit another "bite at the apple," the *Lavespere* Court clearly stated "that in order to reopen a case under Rule 59(e) on the basis of evidentiary materials that were not timely submitted, the mover need not first show that her default was the result of mistake, inadvertence, surprise, or excusable neglect or that the evidence is such as to show that the judgment was manifestly wrong." 910 F.2d at 174.

Applying the *Lavespere* factors, the Court has considered the fact that Crews offered no

reason for its failure to respond to Terral's statute of limitations argument and that the affidavits it has now submitted could have been obtained prior to entry of the summary judgment. However, on balance and in the interest of justice, the Court finds that Crews' antitrust claims against Terral should stand. In its initial Ruling, the Court noted that it appeared from Crews' pleadings that a continuing violation theory may apply. The Court simply had no dates other than those provided by Terral which to consider. Likewise, Terral was fully aware of the allegations against it, and, thus, the Court can see no prejudice to Terral by reinstatement of this case based on a motion filed less than ten (10) business days after entry of the original Judgment. Finally, the evidence now submitted by Crews is a key part of its claims against all Defendants that there was a concerted effort, led by Brad Terral, to engage in antitrust activities against Crews.

The two affidavits submitted by Crews indicate that as late as 2004 an owner of Crews spoke with Brad Terral and attempted to trade grain with Terral. According to Butler, Brad Terral admitted at that time that he had drawn a circle on the map and said that he did not want Crews buying grain from farmers in that area. Butler further testified that all Defendants, including Terral, refuse to trade with Crews to this date.

Magoun, a trader for Crews, testified that a manager for Defendant Farmers Grain admitted that Brad Terral called him about trading with Crews and then told Magoun that Farmers Grain did not want to do business with "resellers" of grain. This conversation took place, according to Magoun, after March 28, 2001, less then four years before this lawsuit was filed. When Butler's affidavit is read together with that of Magoun, the Court finds that Crews has raised a genuine issue of fact for trial whether Terral has engaged in continuing antitrust

activities which serve to interrupt the four-year statute of limitations.

**III.    Conclusion**

For the foregoing reasons, Crews' Motion for New Trial [Doc. No. 49] is GRANTED.

The Court's October 18, 2005 Judgment [Doc. No. 47] is AMENDED IN PART.  That portion

of the Judgment granting summary judgment to Terral on Crews' antitrust claims is SET ASIDE.

The Court finds genuine issues of material fact for trial on Crews' antitrust claims, and Terral's

motion for summary judgment on these claims is DENIED.

MONROE, LOUISIANA this 28th day of December, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE