RECEIVED
IN MONROE, LA

MAY 0 4 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **CREWS TRADING CO., INC.** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 3:05 CV 40** |
| Plaintiff, | * | |
| | * | **JUDGE ROBERT G. JAMES** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| **TERRAL FARM SERVICE, INC.,** | * | **KAREN HAYES** |
| **MONTICELLO GIN & ELEVATOR** | * | |
| **CO., INC., CROWVILLE GRAIN &** | * | |
| **ELEVATOR CO., INC., FARMERS** | * | |
| **GRAIN TERMINAL, INC., AND** | * | |
| **BUNGE NORTH AMERICA, INC.** | * | |
| | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PROTECTIVE ORDER

Pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure, and on the Motion For Entry Of Protective Order, To Compel Discovery And For Costs, filed herein by Defendant, Farmers' Grain Terminal, Inc., the Court enters the following Protective Order:

1. Upon a good faith determination by any party or nonparty from whom discovery in this matter is sought (the "Designating Party") that any document, information or testimony to be produced or disclosed to a receiving party ("Receiving Party"), whether formally or informally, including, but not limited to, answers to interrogatories, documents, transcripts of testimony, responses to requests for admissions, and any other discovery or disclosure made in this litigation, contains a trade secret or other proprietary or confidential business or personal information that the Designating Party would not in the ordinary course disclose to any third party (including competitors),

the Designating Party may designate such document, information or testimony "CONFIDENTIAL" (collectively, "Confidential Information"). Confidential Information shall include, *inter alia*, any document, information or testimony that constitutes or embodies proprietary or confidential business used by the party in or pertaining to its business.

2. Except to the extent expressly authorized in this Order, Confidential Information shall not be used or disclosed by a Receiving Party or its agents for any purpose other than the preparation and trial of this action and any appeals.

3. The Designating Party shall identify Confidential Information contained in documents and electronic media other than testimony by affixing to it, in a manner that shall not interfere with its legibility, the word "CONFIDENTIAL." The Designating Party shall identify Confidential Information contained in testimony by designating on the record that the disclosure is "CONFIDENTIAL." Any summary, compilation or copy of any document, information or testimony designated as "CONFIDENTIAL" shall be treated as provided by this Order. The "CONFIDENTIAL" designation shall, wherever practicable, be made prior to, or contemporaneously with, production or disclosure of such documents, information or testimony. Unless otherwise agreed, deposition testimony shall be treated as Confidential Information for fifteen days after the transcripts or videotapes are delivered to the parties' counsel. Thereafter, the only portions of the transcript and videotapes that shall be treated as Confidential Information shall be those portions that counsel designates, by line and page with respect to transcripts and by times for videotapes (insofar as practical), as containing Confidential Information.

4. The designation of a document, information or testimony as containing Confidential Information may be challenged by a party ("Challenging Party") up to the later of forty-five days before trial or two weeks after the production or disclosure of items so designated. The Challenging Party shall identify each challenged item in writing to opposing counsel and shall state the basis for asserting that the confidentiality designation is improper. The Designating Party shall respond in writing within ten business days (commencing on the date of receipt of written notification from the Challenging Party) and set forth the basis for the confidential designation. If a dispute regarding the confidential designation cannot be resolved by the parties within twenty

business days after the challenge is made in writing, the Challenging Party may file a motion with the Court to seek to strike the confidential designation. The Designating Party shall bear the burden of establishing that the designation is proper. Confidential Information that is subject to such a dispute shall, until further order of this Court, be treated consistently with its designation by the Designating Party.

5. Disclosure of Confidential Information by a Designating Party is made solely for purposes of this litigation and only on the following terms:

(a) Disclosure may be made to a Receiving Party (including its officers, directors and employees), counsel of record in this action, employees of such counsel, and other attorneys retained by a Receiving Party for this action to whom it is necessary that the material be shown for purposes of preparing the prosecution or defense of this action, but only after such persons have executed the Confidentiality Agreement attached to this Order as Exhibit A.

(b) Disclosure may be made to this Court and its personnel (with the legend referenced at ¶ 11, or, if presented orally, with due indication of the status as Confidential Information).

(c) Disclosure may be made to any expert retained by, or at the direction of, the Receiving Party or its counsel, but only for the purpose of advising and assisting such counsel in the preparation or trial of this action and only after execution of the Confidentiality Agreement.

(d) Disclosure may be made to court reporters taking testimony involving such Confidential Information and their necessary stenographic, videographic and clerical personnel.

(e) Disclosure may be made during the course of a deposition to the person whose deposition is being taken only as authorized under ¶ 5 and ¶ 12.

6. Counsel for the Receiving Party shall retain the Confidentiality Agreements that have been signed by persons represented by or affiliated with that counsel (including experts). The parties, upon the request of another party, shall mutually exchange copies of all signed Confidentiality Agreements.

7. Nothing in this Order shall prohibit counsel for a party from disclosing a document or information designated as "CONFIDENTIAL" to any person whom the

document or information clearly identifies as an author, addressee or copy recipient of the document or information. If a document or information designated "CONFIDENTIAL" makes reference to the actual or alleged conduct or statements of a person, but that person is not shown as an author or recipient of the document or information, counsel for the person mentioned in the document may discuss such conduct or statements with that person, *provided* that such discussions do not directly or indirectly disclose or reveal any portion of the document or information other than that which specially refers to such conduct or statement.

8. Nothing in this Order shall be deemed to restrict in any manner the use or disclosure by a Designating Party of any information in its own documents, testimony and things.

9. This Protective Order does not address discovery objections nor preclude either party from moving for any relief cognizable under the Louisiana Code of Civil Procedure or this Court's inherent powers.

10. Nothing in this Order creates a presumption or implies that information designated as Confidential Information actually constitutes a trade secret or proprietary or otherwise protectable confidential information.

11. To the extent that any documents or information designated as "CONFIDENTIAL" are to be filed with this Court, each such document and thing shall be filed under seal with the Clerk of this Court in an envelope marked "SEALED." The cover page of the filed document shall contain the case caption and shall be marked:

> "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER: This [receptacle] contains documents or things that are the subject of a Protective Order of this Court and cannot be opened or its contents made available to anyone other than counsel of record for the parties."

If a motion or brief filed with the Court discusses Confidential Information, the portion of the motion or brief discussing such information shall be filed under seal as described above if practicable. Otherwise, the entire motion or brief shall be filed under seal as described above.

12. If Confidential Information is used and discussed in the course of a deposition, only those persons entitled to receive such information under ¶ 5 of this Order and the Designating Party and its representatives may be present during those portions of

the deposition. If the deponent has not signed a Confidentiality Agreement, s/he should be asked to sign a Confidentiality Agreement before s/he is asked questions about Confidential Information. If the deponent refuses, the interrogator will attempt in good faith to limit as much as possible the discussion of Confidential Information on the record, but may nevertheless proceed with the questioning *unless* the Designating Party announces that it wishes to call the Court for a ruling on whether questions about Confidential Information may be asked in that circumstance.

13.  If, in the course of a deposition, the deponent is shown or questioned about Confidential Information, counsel for the Designating Party shall state on the record that that portion of the transcript is "CONFIDENTIAL," and the court reporter shall produce a separate transcript of that testimony which shall contain the label "CONFIDENTIAL" on every page as well as the following label on the cover of the separate transcript:

> "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER: This [receptacle] contains documents or things that are the subject of a Protective Order of this Court and cannot be opened or its contents made available to anyone other than counsel of record for the parties."

All documents that have been designated "CONFIDENTIAL" that are marked as exhibits to any deposition shall likewise be separately bound and labeled "CONFIDENTIAL." If the deposition is videotaped, then the entire videotape should be marked as "CONFIDENTIAL" unless counsel can otherwise agree on some way to safeguard the confidentiality of the particular passages designated "CONFIDENTIAL" in the videotape. Except for the Court and its personnel, no one, including the deponent, shall receive a copy of the confidential portions of the transcript, the confidential deposition exhibits or the videotape unless they have executed a Confidentiality Agreement in the form attached as Exhibit A. If, *after* the deposition, counsel wishes to designate certain testimony as "CONFIDENTIAL," they should seek to do so by agreement of counsel before making application to the Court. Until there is an agreement of counsel or order of the Court on assertions of confidentiality *after* the testimony has been given, the Receiving Parties are under no obligation to maintain the information as "CONFIDENTIAL."

14. Any presentation of Confidential Information to this Court and to any witness at trial or in any other courtroom proceeding shall be made in the presence of only the presiding officer and other court personnel, an authorized court reporter, the jury, the parties, counsel for the parties, those who are actively assisting in the preparation for and/or trial of this action, and to such individuals duly qualified under ¶ 5. To the extent any documents or information designated as "CONFIDENTIAL" are offered into evidence as exhibits during trial or any other courtroom proceeding, each such exhibit shall be filed under seal in accordance with ¶ 11.

15. If any entity subpoenas, motions or orders for production of Confidential Information that a Receiving Party has obtained subject to this Order, the Receiving Party shall promptly notify the Designating Party of the pendency of the subpoena or order so that the Designating Party shall have reasonable time to object to the request or to take other appropriate steps to protect the information.

16. When any attorney of record, counsel's respective legal staff or any party, employee, agent, or representative of a party becomes aware of a violation of this Order, or of a violation of a Confidentiality Agreement, or of facts constituting good cause to believe that a violation of this Order (or a Confidentiality Agreement) may have occurred, such person shall promptly report to this Court and to all counsel of record that there may have been a violation of this Order.

17. After the conclusion of this action, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Confidential Information in order to enforce the provisions of this Order.

18. This Order may be modified by this Court for good cause shown.

19. Within sixty days after conclusion of this action (including all appeals and further proceedings), or at such other time as agreed upon by the parties, the Receiving Parties shall destroy or return to the Designating Party all documents and things containing Confidential Information that were produced by the Designating Party and are in the possession of the Receiving Parties or their agents. However, to the extent work product of counsel for the Receiving Parties reflects Confidential Information produced by the Designating Party, counsel shall destroy that work product. Upon written request,

counsel for the Receiving Parties shall certify in writing to the Designating Party within 90 days of receipt of such request the Receiving Parties' compliance with this provision regarding the return and destruction of Confidential Information.

20. Should the parties have any disputes concerning the interpretation of this Order, before any party moves for this Court's assistance, they shall first endeavor to promptly meet and confer, either in person or by telephone, to resolve the dispute.

IT IS SO ORDERED, this 4th day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE

## EXHIBIT A
## CONFIDENTIALITY AGREEMENT

I, _____, state the following:

1. I have read and understand the Protective Order (the "Order") to which this Exhibit A is attached (and whose definitions are incorporated herein), and I agree to maintain the confidentiality of all information designated as "CONFIDENTIAL." I agree to be bound by the terms of the Order.

2. I shall not use or disclose to others, except in accordance with the Order, any Confidential Information. If I fail to abide by the terms of this Confidentiality Agreement or the Order, I understand that I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Designating Party.

_____     _____
Signature                          Printed Name


_____
Address


_____
Individual or Entity Represented

**Subscribed and sworn to before me this
_____ day of _____ 2006.**

**Witness my hand and official seal.**

_____
**Notary Public**